IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BROWN, *et al*,   *

   Plaintiffs,   *

v.   *   Civil Case No. 18–00352–JMC

KAHL, *et al*,   *

   Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This suit arises out of a motor vehicle accident involving Plaintiffs Johna Lynn Brown and Carl Mitchell Brown (collectively, "Plaintiffs") and Defendants David Allen Kahl and Smith Transport, Inc. (collectively, "Defendants"). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 55, 56). On March 16, 2018, Defendants filed the Motion to Dismiss Count II of Plaintiffs' Complaint. (ECF No. 44). In considering that Motion, the Court also reviewed Plaintiffs' Response in Opposition thereto and Defendants' Reply in Support thereof. (ECF Nos. 49, 58). Both parties requested a hearing on Defendants' Motion, (ECF Nos. 45, 50), and the Court held a motions hearing on July 23, 2018, (ECF No. 69). *See* Loc. R. 105.6 (D. Md. 2016). At that hearing, the Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint, (ECF No. 62), and treated Defendants' Motion, (ECF No. 44), as equally applicable to the Second Amended Complaint. In the interim, Defendants have filed an answer to the Second Amended Complaint, (ECF No. 70), and a revised Motion to Dismiss, (ECF No. 71), rendering moot their previous Motion to Dismiss, (ECF No. 44), which the Court now denies as moot. Defendants' new Motion to Dismiss, (ECF No. 71), essentially reiterates their arguments from their prior Motion and those

made at the July 23, 2018 hearing. The Court has also reviewed Plaintiffs' Opposition to Defendants' new Motion, (ECF No. 72), as well as Defendants' Reply, (ECF No. 74). For the reasons that follow, Defendants' Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint, (ECF No. 71), will be GRANTED.

## I. BACKGROUND

On April 3, 2015, Plaintiff Johna Lynn Brown was seated in the passenger seat of a vehicle parked at a gas pump at Fair Price Market in Allegany County, Maryland, waiting for her husband, Plaintiff Carl Mitchell Brown, to complete a purchase inside the store. (ECF No. 62–3, Am. Compl. at 2). Plaintiffs allege that Defendant David Allen Kahl, in the scope of his employment with Defendant Smith Transport, Inc., was driving a semi-truck and was unable to timely stop the vehicle, rear-ending Plaintiffs' parked vehicle. *Id.* Plaintiffs further allege that, as a result of the collision, Ms. Brown sustained physical injury and was then terminated from her employment. *Id.* at 3.

Plaintiffs filed suit against Mr. Kahl and Smith Transport alleging negligence, negligent entrustment, respondeat superior, and loss of consortium. (ECF No. 62–3, Am. Compl.). The pending Motion to Dismiss seeks again to dismiss Count II, negligent entrustment for failing to state a claim.

## II. STANDARD OF REVIEW

The Supreme Court's holdings in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, enunciated the pleading standard that plaintiffs must meet in order to proceed past the motion to dismiss stage. In general, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

This rule for pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Twombly*, 550 U.S. at 555). A complaint cannot be mere "threadbare recitals of a cause of action's elements supported by mere conclusory statements," *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556), and instead must contain factual "sufficient to raise a right to relief above the speculative level," *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (citing *Twombly*, 550 U.S. at 570).

In order to satisfy *Twombly* and *Iqbal*, the plaintiff need not plead facts sufficient to establish a prima facie case, but is "required to allege facts to satisfy the elements of" the cause of action he chooses to bring. *Id.* at 648 (citing *McCleary-Evans*, at 780 F.3d at 585). Thus, Plaintiffs here are required to allege facts that satisfy each of the elements of the tort of negligent entrustment.

## III. DISCUSSION

The Maryland Court of Appeals has adopted the doctrine of negligent entrustment as enunciated in the Restatement (Second) of Torts:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Curley v. General Valet Service, Inc.*, 270 Md. 248, 255 (1973) (quoting Restatement (Second) of Torts § 390 (1965)). Liability attaches in such situations because the negligence in entrusting

the chattel "operates as a concurrent cause with the negligence of the entrustee." *Kahlenberg v. Goldstein*, 290 Md. 477, 488 (1981).

Liability for negligent entrustment "arises only if a reasonable man could have foreseen the negligent acts" and "when the foreseeability of harm stems from past conduct, it must be conduct so repetitive as to make its recurrence foreseeable." *Essem v. Stone*, Civ. No. PWG–14–113, 2014 WL 4182615, at *2 (D. Md. Aug. 19, 2014) (citing *Curley v. General Valet Service, Inc.*, 270 Md. 248 (1973)). Furthermore, the Maryland Court of Appeals has observed that where negligent entrustment involves the entrustee's use of alcohol or drugs, or an underlying medical condition such as epilepsy, it is also necessary for the plaintiff to demonstrate that the particular characteristic relied upon for the negligent entrustment is also the characteristic that caused the accident. *See Kahlenberg*, 290 Md. at 493 (distinguishing such cases from those simply involving knowledge of a general habit of entrustee driving negligently).

### A. Factual Basis for Dismissal

In the Second Amended Complaint, Plaintiffs allege negligent entrustment based on the fact that Defendants knew or should have known of (1) Mr. Kahl's conviction for "Driving While Impaired by Alcohol," which resulted in four days of confinement and two years of supervised probation; and (2) Mr. Kahl's atherosclerotic disease, which resulted in two cardiac catheterizations, and pulmonary artery hypertension. Other than the allegation that Defendant Smith Transport knew or should have known that Mr. Kahl was convicted of an alcohol-related driving offense on a single occasion and had underlying atherosclerotic disease, Plaintiffs fail to allege the other necessary elements of negligent entrustment set forth above. Their allegations belie any conclusion that these issues were sufficiently repetitive to satisfy the "foreseeability" component that is at the heart of negligent entrustment. Similarly, Plaintiffs do not actually

allege that alcohol played any role in the accident or that his atherosclerotic disease (1) involved any prior instances of symptoms that could interfere with driving, or (2) played any role in the accident at issue.

Although not alleged in the Second Amended Complaint, at the motions hearing before the Court, Plaintiffs' counsel posited that Defendants assert the affirmative defense that Mr. Kahl suffered an *unexpected* medical event that contributed to the collision with Ms. Brown and argued that Plaintiffs should therefore be allowed to conduct discovery as to Mr. Kahl's medical history as it relates to the negligent entrustment claim. In other words, Plaintiffs assert that if Mr. Kahl suffered an unexpected medical event related to his heart conditions that led to the collision with Ms. Brown, as Defendants allege, Plaintiffs are entitled to discovery in order to ascertain whether Smith Transport knew or should have known of the possibility that Mr. Kahl would suffer such a medical event while operating a vehicle within the scope of his employment, therefore causing foreseeable danger to others.

In the Court's view, this does not save Plaintiffs' negligent entrustment claim. First, if the event was "unexpected" as described, it could not be sufficiently foreseeable to give rise to liability. Second, if Defendants are successful in proving the affirmative defense of an unexpected medical issue giving rise to the accident, then the entrustee, Mr. Kahl, would not be negligent and, accordingly, there can be no negligent entrustment on the part of Smith Transport. Despite Plaintiffs' argument to the contrary[1], while negligent entrustment does constitute a direct claim of negligence against Smith Transport rather than simply a claim of vicarious liability, it nonetheless is, by its very nature, a derivative claim dependent upon the underlying negligence

---

[1] In their Opposition, Plaintiffs argue that "[i]t would be Plainitffs' position that the count for negligent entrustment is a 'standalone' tort. The count of negligent entrustment would be based upon the negligence of Defendant Smith Transport and not that of Defendant Kahl." (ECF No. 72 at 4). Plaintiffs offer no case law in support of this proposition.

5

of the entrustee. Negligent entrustment is premised upon the concurrent negligence of the entrustor and the entrustee causing the harm. *Kahlenberg*, 290 Md. at 488. Stated another way, negligent entrustment requires foreseeability that the entrustee will use the chattel in a manner creating an *unreasonable* risk of harm which, in turn, requires negligent behavior on the entrustee's part. *See* Restatement (Second) of Torts § 390 ("One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."). This cannot be the case where an affirmative defense, if proven, establishes that the entrustee's actions were reasonable.

Plaintiffs also argued at the motions hearing that they could be faced with a scenario whereby Defendants are successful in proving their affirmative defense that an unexpected medical event negated a finding of negligence on Mr. Kahl's part, yet Smith Transport itself might still be negligent if it could be established that the company's own knowledge of Mr. Kahl's medical condition nonetheless made it foreseeable that he would be involved in an accident. That is, Plaintiffs argue that even if the medical event was unexpected by Mr. Kahl, it may still have been foreseeable by Smith Transport.

To say the least, such a scenario would seem farfetched, and Plaintiffs have alleged no facts nor pointed the Court to any case establishing liability of the type posited. The Court could certainly conceive of scenarios whereby the knowledge of a trucking company as to some safety issue might be superior to that of the driver, giving rise to liability. For example, if the company had exclusive knowledge of the maintenance of the vehicle and knew that it had faulty brakes or

tires unknown to the driver, there could be a direct claim of negligence against the company. Similarly, if the company (and not the driver) had the responsibility to load the truck and negligently causes an unbalanced load that, in turn, caused accident or injury, there might indeed be a viable claim for negligence against the company and not the driver. But the Court has difficulty devising a hypothetical whereby a company's knowledge of a driver's medical information (and the risks therefrom) would be so superior to that of the driver himself that the company could be found liable even though the driver is not. And, as mentioned, Plaintiffs thus far have furthered no allegations supporting such a hypothetical. Even if established, in the Court's view, this would not be a claim for negligent entrustment but, rather, simply negligence on the part of the company. Thus, such a scenario does not save Count II of the Second Amended Complaint.

B. **Legal Basis for Dismissal**

In addition to the lack of factual support for Plaintiffs' negligent entrustment claim, there is an independent legal basis to grant dismissal stemming from the differences between the doctrines of respondeat superior and negligent entrustment. In Maryland, a plaintiff cannot proceed on simultaneous claims of liability based on theories of respondeat superior and negligent entrustment when the corporate defendant has admitted agency with respect to the individual defendant. The relevant line of case law includes the Maryland Court of Appeals' decision in *Houlihan v. McCall*, 197 Md. 130 (1951), and this Court's decision in *Villalta v. B.K. Trucking & Warehousing, L.L.C.*, Civ. No. DKC–2007–1184, 2008 WL 11366412 (D. Md. Aug. 4, 2008). *See Day v. Stevens*, Civ. No. 14–02638–JMC, 2018 WL 2064735, at *4 (D. Md. May 3, 2018) (providing detailed analysis of the decisions in *Houlihan* and *Villalta*).

In *Houlihan*, the Court of Appeals found that the trial court erred in allowing into evidence the individual defendant's driving record when the plaintiffs were alleging (1) negligence on the part of the individual defendant driver and (2) negligence on the part of the employer in "selection or retaining a driver known to be incompetent and reckless." 197 Md. at 137. The Court held that, because the defendants admitted agency, "it was quite unnecessary [for the plaintiffs] to pursue the alternative theory in order to hold the corporate defendant [liable]," and that, in order to hold the corporate defendant liable, the plaintiffs merely needed to prove the driver's negligence. *Id.* at 137–38. Because the corporate defendant had already conceded that it was vicariously liable (and therefore available to satisfy any verdict against the driver), the negligent entrustment claim not only became superfluous, but created a pathway for the potential introduction of unfairly prejudicial evidence against the driver in deciding the issue of his negligence. In *Villalta*, a decision of this Court, Judge Chasanow clearly explained, "[u]nder Maryland law, a plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee." Civ. No. DKC–2007–1184, 2008 WL 11366412, at *5 (D. Md. Aug. 4, 2008) (citing *Houlihan*, 197 Md. at 137–38). Judge Chasanow also noted that the Court of Appeals "found it would be both unnecessary and improper to allow the plaintiff to proceed against the owner under both negligent entrustment and agency theories" because it would "allow the introduction of prejudicial evidence of the driver's past traffic offenses." *Id.*

Thus, in the case at bar, Plaintiffs cannot proceed on their respondeat superior claim *and* negligent entrustment claim if Smith Transport admits agency, or, in other words, that Mr. Kahl was driving the semi-truck within his scope of employment with Smith Transport when the accident with Ms. Brown occurred. Defendants clearly admit agency in their Answer to

Plaintiffs' Second Amended Complaint: "Defendants admit only that on or about April 3, 2015, David Allen Kahl was operating a vehicle owned by Smith Trucking, Inc., as an agent of Smith Transport pursuant to Smith Transport's DOT authority." (ECF No. 70 at ¶ 7). Defendants further admitted agency at the motions hearing held before the Court, and again in their renewed Motion to Dismiss. (ECF Nos. 69, 71). The case law therefore necessitates dismissal of Plaintiffs' claim for negligent entrustment because Defendant Smith Transport Inc. has admitted agency with regard to Defendant Kahl, just as in *Houlihan*, and Plaintiffs seek only compensatory damages, just as in *Villalta*. *See Day v. Stevens*, Civ. No. 17–02638–JMC, 2018 WL 2064753 (D. Md. May 3, 2018).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint, (ECF No. 71), is GRANTED and Count II of Plaintiffs' Second Amended Complaint, (ECF No. 62–3), is DISMISSED. A separate Order shall follow.

Dated: August 29, 2018                              /s/
                                                                J. Mark Coulson
                                                                United States Magistrate Judge